**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL CADEZ, JR. and
JOANNA CADEZ,

    Plaintiffs,

v.                                              Case No. 13-10772

RESIDENTIAL CREDIT
SOLUTIONS, INC., et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND**

On January 23, 2013, Plaintiffs Daniel Cadez, Jr., and Joanna Cadez sued Defendants Saxon Mortgage Services, Inc., ("Saxon") Residential Credit Solutions, Inc., ("Residential") an Unknown Trust, and an Unknown Trustee in Wayne County Circuit Court. The complaint challenged the foreclosure of Plaintiffs' property, alleging state law claims and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and 24 C.F.R. 203.604. Saxon timely removed asserting federal question jurisdiction and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, respectively. The notice of removal alleged that Residential consented to removal and attached an email in which Residential voiced its consent to Saxon. Saxon also included in its removal the complaint, summons, and motion for preliminary injunctive relief that it was served.

In federal court, the parties stipulated to dismissing Saxon without prejudice. After filing an amended complaint that removed the federal law claims, Plaintiffs moved

to remand the case. Residential opposes the motion, but a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). There is no basis to remand the case, and the motion will be denied.

## I. DISCUSSION

A defendant that wants to remove a case must file a notice of removal within thirty days that includes "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a)-(b). Plaintiffs argue that the statute mandates that all state court pleadings be included in the notice of removal, even those not served on the removing defendant. Specifically, Plaintiffs contend, and Residential does not dispute, that Saxon failed to include in its notice of removal: (1) the summons and proof of service for Residential; (2) the summons and proof of service for the Unknown Trust; (3) the summons and proof of service for the Unknown Trustee; and (4) a state court order granting Plaintiffs' motion for a preliminary injunction.

Plaintiffs misinterpret § 1446(a). "[D]efendants [are] not required to file all of the pleadings from the state court proceeding, only those that were served on them." *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009) (citing 28 U.S.C. § 1446(a)). Saxon's notice of removal did not need to include the summonses or proofs of service served on Residential, the Unknown Trust, and the Unknown Trustee. It is unclear whether Saxon was ever served with the state court order granting preliminary injunctive relief. Even if Saxon was served with the order, its failure to include the order in the notice of removal does not warrant remand. The "failure to attach a co-Defendant's summons to the notice of removal constitute[s] a *de minimus* procedural defect that [does] not necessitate remand of the case to state court." *Countryman v.*

2

*Farmers Ins. Exchange*, 639 F.3d 1270, 1272 (10th Cir. 2011).  Similarly, Saxon's failure to attach a state court order granting a preliminary injunction is a *de minimus* procedural defect.  "[A] totally inconsequential defect in removal papers [does not] deprive the district court of jurisdiction over a case removed to it."  *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (collecting authority).

Plaintiffs attached a copy of the preliminary injunction order to its motion for remand.  Thus, the order is now a part of the record, and "there is no suggestion that the plaintiff, the district judge, the state court, or anyone or anything else was harmed by the delay."  *Walton*, 643 F.3d at 998 (holding that remand was inappropriate when the removing defendants added their summonses to the notice of removal five days after the thirty-day deadline expired).  The case should not be remanded simply because Saxon failed to include in its removal papers one state court order that has since been added to the record, especially considering Plaintiffs have not shown that Saxon was served with the order or that any harm resulted from the order not being attached to the notice of removal.  *See id.* at 999 ("Remand would be a disproportionate sanction for a trivial oversight, and when judges measure out sanctions they strive for proportionality.") (collecting authority).

When a case is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  It is undisputed that Residential, the Unknown Trust, and the Unknown Trustee did not join in Saxon's removal.  Plaintiffs argue that the case should be remanded because Residential, the Unknown Trust, and the Unknown Trustee failed to file their consent to removal within the thirty-day period.

3

Only parties that are properly served must consent to removal. 28 U.S.C. § 1446(b)(2)(A). A party may effectuate service of process pursuant to the law of the state in which the district court is located or pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(e). Michigan law permits service of process to be made in any manner "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich Ct. R. 2.105(I)(1). Under the Federal Rules, a corporation may be served in the same manner for serving an individual or by delivering a copy of the summons and complaint to an officer or agent authorized to receive service of process. Fed. R. Civ. P. 4(h)(1)(A)-(B). Rule 4(e)(2) allows a party to serve an individual by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiffs filed a certificate of service stating that a copy of the summons and complaint were mailed to Residential in care of the Unknown Trust and Unknown Trustee. (Dkt. # 7-1 Pg ID 440, 445.) However, Plaintiffs have not alleged facts that suggest Residential is the Unknown Trust or Unknown Trustee, or that Residential is aware of the identity and contact information of those two parties. Mailing a copy of the summons and complaint to Residential is not "reasonably calculated" to give the Unknown Trust and Unknown Trustee notice of Plaintiffs' lawsuit, nor does it comply with serving an individual or corporation under the Federal Rules of Civil Procedure.

4

Plaintiffs have not properly served the Unknown Trust and Unknown Trustee pursuant to Michigan law or the Federal Rules. Accordingly, the Unknown Trust and Unknown Trustee were not required to consent to Saxon's removal.

Residential was properly served and, consequently, needed to consent to Saxon's notice of removal. Before filing its notice of removal, Saxon emailed Residential to confirm that Residential consented. Residential gave its consent in a reply email. (Dkt. # 1-4 at Pg ID 197.) In the notice of removal, Saxon stated that Residential consented. (Dkt. # 1 at Pg ID 2 ¶ 4.) Plaintiffs contend that Residential needed to inform the court of its consent and that Saxon voicing Residential's consent did not satisfy the rule of unanimity.

While Plaintiffs cite to a number of district court opinions to support their position, the Sixth Circuit has squarely addressed this issue. Section 1446(a) mandates that a notice of removal be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. However, Rule 11 does not prohibit counsel for the removing defendant to represent a co-defendant's consent on behalf of that co-defendant. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004). A co-defendant that consents to removal is also not required "to submit a pleading, written motion, or other paper directly expressing that concurrence." *Id.* at 201. The rule of unanimity was satisfied when Saxon stated in the notice of removal that Residential consented. *See id.* at 201-02.

Finally, Plaintiffs argue that the court lacks subject matter jurisdiction to preside over the case because the amended complaint eliminated the federal claims. Saxon removed the case alleging federal question jurisdiction and diversity jurisdiction. While federal question jurisdiction no longer exists, diversity jurisdiction remains. Diversity

5

jurisdiction requires complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is complete diversity of citizenship because Plaintiffs are citizens of Michigan and Residential is a citizen of Delaware and Texas. The amount in controversy is also satisfied because the foreclosed property at issue had a mortgage loan balance of $169,369.81 and was sold at a sheriff's sale for $118,292.23.

Plaintiffs have not shown that the case should be remanded.

## II. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiffs' motion to remand [Dkt. # 7] is DENIED.

        s/Robert H. Cleland        
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 21, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 21, 2013, by electronic and/or ordinary mail.

        s/Lisa Wagner        
Case Manager and Deputy Clerk
(313) 234-5522